### FLANIGAN *v.* HUTCHINS.

HILL, J. The exception in this case is to a judgment dismissing an affidavit of illegality for "insufficiency." The affidavit of illegality contains no grounds, equitable or otherwise, that would give the Supreme Court jurisdiction of the case; and it is therefore transferred to the Court of Appeals for consideration and determination.

*Transferred to the Court of Appeals. All the Justices concur.*

2. After the levy of this execution, deponent's wife filed her equitable petition to the March term, 1927, of the superior court, alleging that the property levied upon belonged to her, and obtained a temporary restraining order. On the hearing of the case before Judge W. W. Stark, the restraining order was dissolved, and Mrs. Flanigan thereupon filed her bill of exceptions and carried the case to the Supreme Court of Georgia, which bill of exceptions "operated as a supersedeas to the enforcement of said levy on said land now sought to be sold." The Supreme Court affirmed the judgment in that case; but before the judgment of the Supreme Court was made the judgment of the superior court of Gwinnett County, where the suit was pending, and before the remittitur was filed in the clerk's office, the plaintiff proceeded and is now proceeding to have the property advertised and sold under the same levy, and not under any new levy, which deponent says is illegal.

3. The execution and judgment are void for the reason that it appears from the face of the execution, as well as from its record on the general execution docket, that the judgment was rendered on March 9, 1924, which date was Sunday, and any judgment rendered or any execution issued on Sunday is void. "Wherefore deponent prays that these his grounds of illegality be sustained, and that said purported judgment and execution and levy based thereon be decreed to be null and void."

*M. D. Irwin* and *O. A. Nix,* for plaintiff in error.

*N. L. Hutchins* and *W. L. Nix,* contra.